IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GLEN PACE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00539-JRG |
| | § | |
| CIRRUS DESIGN CORPORATION | § | |
| D/B/A CIRRUS AIRCRAFT | § | |
| CORPORATION; CONTINENTAL | § | |
| AEROSPACE TECHNOLOGIES, INC. | § | |
| D/B/A CONTINENTAL MOTOR | § | |
| CORPORATION; AMSAFE, INC.; | § | |
| APTERYX, INC., D/B/A AND A/K/A | § | |
| ARAPAHOE AERO AIRCRAFT SALES, | § | |
| LLC; SMILLER, INC. D/B/A FIXED | § | |
| WING AVIATION MAINTENANCE; | § | |
| SPECIAL SERVICES CORPORATION; | § | |
| HARTZELL ENGINE TECHNOLOGIES; | § | |
| AND DON GEORGE AIRCRAFT, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Hartzell Engine Technologies LLC's ("Hartzell") Motion for Protective Order, with Incorporated Memorandum of Law (the "Motion"). (Dkt. No. 66.) In the Motion, Hartzell moves for an order limiting its Rule 7.1 corporate disclosure obligations to its sole LLC member, or up to apex entity. In the alternative, in the Motion, Hartzell requests that the Court review Hartzell's Rule 7.1 corporate disclosure statement *in camera* or allow Hartzell to file its Rule 7.1 corporate disclosure statement under seal.

**I.   BACKGROUND**

Hartzell represents that it is a Delaware limited liability company ("LLC") with its principal place of business in Ohio. (Dkt. No. 66 at 2.) Hartzell represents that its "sole LLC

member is Tailwind Technologies LLC ('Tailwind'), an Ohio LLC with its principal place of business in Ohio, whose sole member is a Delaware LLC with its principal place of business in Delaware." (*Id.*) Hartzell further represents that the chain of LLCs above Tailwind includes private investment funds ("Arcline Funds") with hundreds of passive investors. (*Id.* at 2-3.)

## II.     LEGAL STANDARD

### A.     Corporate Disclosure Statement

Rule 7.1 provides that:

(2) Parties or Intervenors in a Diversity Case.

In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, ***unless the court orders otherwise***, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

  (A)   when the action is filed in or removed to federal court, and

  (B)   when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2) (emphasis added). The rule recognizes that a court may limit disclosures in appropriate circumstances. The advisory committee notes provide that "the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure." Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment.

### B.     Sealing Documents

While the "right to inspect and copy judicial records is not absolute," there is nevertheless "a strong presumption in favor of a common law right of public access to court proceedings." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the

relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. "In determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1357 (Fed. Cir. 2011) (quoting *Nixon*, 435 U.S. at 602). In deciding whether to limit public access to court records, a judge must be cognizant of the fact that "[p]ublic access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 850 (5th Cir. 1993) (alteration in original); *see also id.* ("The real focus of our inquiry is on the rights of the public in maintaining open records and the 'check[] on the integrity of the system.'" (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)). For that reason, the courts have held that the district court's "discretion to seal the record of judicial proceedings is to be exercised charily," *Van Waeyenberghe*, 990 F.2d at 848, and the "decision must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *Holy Land*, 624 F.3d at 690.

III.    **ANALYSIS**

   A.    **Failure to Comply with Local Rules**

Local Rule CV-7(h) sets forth the requirements for meeting and conferring before filing a motion. Hartzell does not dispute that the local rules required it to meet and confer before filing the Motion. Instead, in the Motion's Certificate of Conference, Hartzell admits that it did not "complete the substantive meet and confer required under Local Rule CV-7(h)." (Dkt. No. 66 at 6.) In its Certificate of Conference, Hartzell further represented to the Court that it would "supplement this certificate of conference as soon as possible and no later than Friday, December 6, 2024." (*Id.*) To date, Hartzell has failed to supplement its Certificate of Conference. The Court

could deny the Motion based on Hartzell's failure to comply with the Local Rules. However, despite Hartzell's failure, the Court analyzes the merits of Hartzell's Motion below.

### B.   Unopposed Motion

It is unclear from the Motion's Certificate of Conference whether Plaintiff Glen Pace ("Plaintiff") opposes the Motion. Plaintiff's response to the Motion was due on or before December 17, 2024. *See* Local Rule CV-7(e) (providing fourteen days from the date a motion was served in which to file a response); *see also* Local Rule CV-5(a)(3)(C). However, Plaintiff did not file a response or notice to the Motion. Therefore, the Court considers the Motion to be unopposed. Local Rule CV-7(d).

### C.   Limitation of Disclosure

Hartzell seeks "an order limiting its corporate disclosure to Tailwind or, alternatively, up to Arcline Funds, and not including the hundreds of Arcline Funds investors. (Dkt. No. 66 at 2-3.) Hartzell argues that the individuals and entities beyond Tailwind are inconsequential to determining subject matter jurisdiction. (*Id.*) Hartzell also argues that "[t]hese individuals and entities all lack any relevance or nexus to the aircraft, events, or people allegedly involved in this lawsuit." (*Id.* at 3.) Hartzell asserts that requiring it "to trace its membership further would impose an undue burden without a clear need for such granular detail." (*Id.*)

The Federal Rules of Civil Procedure require an LLC—such as Hartzell—to name each of its members and identify their states of citizenship. Fed. R. Civ. P. 7.1(a)(2). As discussed above, however, an advisory committee note recognizes limited exceptions in which "the court may limit the disclosure." Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment. The note recognizes that "the names of identified persons ***might be*** protected against disclosure to other parties when there are substantial interests in privacy ***and*** when there is no apparent need to support discovery by other parties to go behind the disclosure." *Id.* (emphasis added). Hartzell arguably

4

contends that "there is no apparent need to support discovery by other parties to go behind the disclosure" because the individuals beyond Tailwind are "inconsequential to determining subject matter jurisdiction" and "lack any relevance or nexus to the aircraft, events, or people allegedly involved in this lawsuit." (Dkt. No. 66 at 2-3.) However, Hartzell does not assert or articulate a substantial interest in privacy. (*See generally id.*) Instead, Hartzell merely asserts that "to trace its membership further would impose an undue burden." (*Id.* at 3.) The Court finds this insufficient to limit Hartzell's disclosure.

Accordingly, the Court denies Hartzell's request that the Court limit its disclosure to Tailwind, or, alternatively, up to Arcline Funds.

### D.    Sealing Corporate Disclosure Statement

In the alternative, Hartzell requests that the Court review Hartzell's Rule 7.1 corporate disclosure statement *in camera* or permit Hartzell to file its Rule 7.1 corporate disclosure statement under seal. Hartzell argues that "[d]oing so is justified under procedural and substantive law and within this Court's discretion." (Dkt. No. 66 at 4.) Hartzell asserts that good cause exists because "the interest at stake is [the] identification of a person or entity itself." (*Id.*) Hartzell also contends that "entering a protective order presents no prejudice to any party, claim, or defense in this matter and no risk to the ideal of openness of the judicial process." (*Id.*)

Hartzell essentially requests that the Court make an exception to the presumption of public access and either review Hartzell's corporate disclosure statement *in camera* or permit Hartzell to file it under seal, such that—either way—the names and citizenship of the involved persons or entities do not appear in the public record. The Court finds that Hartzell's arguments do not overcome the presumption of public access. Hartzell fails to articulate any legitimate reason to withhold the names of the members of Tailwind or the members of the LLCs beyond Tailwind other than the conclusory statement that they "all have a strong interest in safeguarding their

5

identities, personal finances, and confidential business interests and structures." (Dkt. No. 66 at 4.) Hartzell's conclusory statements and preference to avoid public disclosure are insufficient to overcome the presumption of public access. Many courts have considered and denied this type of request. *See, e.g.*, *Mayer v. Patriot Pickle Inc.*, 2024 WL 162881, at *5 (W.D.N.Y. Jan. 16, 2024) ; *Darton Archery, LLC v. Bowtech, LLC*, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023) (denying the defendants' motion to seal disclosure statement where defendants failed to explain how disclosure of member information would harm business interests); *Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*, 2023 WL 4711158 (W.D. Pa. July 24, 2023) (finding that "merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities" and that the plaintiff's "limited partner's preference to avoid disclosure is not a specific, substantial privacy interest"); *Wilkins v. Tory Burch, LLC*, 2023 WL 3600084 (E.D. Mo. May 23, 2023) (denying the defendant's motion for protective order and to seal disclosure statement where the defendant failed to explain why the public disclosure of its members' information could harm its business); *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, 2023 WL 2435806 (M.D. Fla. Feb. 16, 2023) (denying the plaintiffs' motion to file their members' identities under seal because the plaintiffs' conclusory arguments did not overcome the presumption of public access).

Accordingly, the Court denies Hartzell's request that the Court review Hartzell's Rule 7.1 corporate disclosure statement *in camera* or permit Hartzell to file its Rule 7.1 corporate disclosure statement under seal.

### IV.   CONCLUSION

Having considered the Motion, the Court finds that Hartzell's Motion for Protective Order (Dkt. No. 66) should be and hereby is **DENIED**. The Court **ORDERS** that Hartzell file its Rule

7.1 Corporate Disclosure Statement within fourteen (14) days of entry of this Order.

**So ORDERED and SIGNED this 14th day of February, 2025.**

                                                RODNEY GILSTRAP  
                                                UNITED STATES DISTRICT JUDGE