IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GLEN PACE, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2:24-CV-00539-JRG | |
| § | | |
| CIRRUS DESIGN CORPORATION § | | |
| D/B/A CIRRUS AIRCRAFT § | | |
| CORPORATION; CONTINENTAL § | | |
| AEROSPACE TECHNOLOGIES, INC. § | | |
| D/B/A CONTINENTAL MOTOR § | | |
| CORPORATION; AMSAFE, INC.; § | | |
| APTERYX, INC., D/B/A AND A/K/A § | | |
| ARAPAHOE AERO AIRCRAFT SALES, § | | |
| LLC; SMILLER, INC. D/B/A FIXED § | | |
| WING AVIATION MAINTENANCE; § | | |
| SPECIAL SERVICES CORPORATION; § | | |
| HARTZELL ENGINE TECHNOLOGIES; § | | |
| AND DON GEORGE AIRCRAFT, § | | |
| § | | |
| *Defendants*. § | | |
| § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Corrected Motion to Stay Discovery Pending Resolution of Cirrus's Motion to Dismiss Plaintiff's Complaint (the "Motion") filed by Defendant Cirrus Design Corporation, d/b/a Cirrus Aircraft Corporation ("Cirrus"). (Dkt. No. 65.) In the Motion, Cirrus moves the Court to stay discovery until the Court resolves Cirrus's pending motion to dismiss (Dkt. No. 27). (Dkt. No. 65 at 1.) Plaintiff Glen Pace did not file an opposition.

In exercising its discretion to control its docket, the Court finds that a stay is not appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 2012 WL 12830187, at *2 (E.D. Tex. May 18, 2012). There is no basis in the Federal Rules of Civil Procedure or Local Rules for a court to stay discovery pending resolution

of a motion to dismiss. Local Rule CV-26(a), titled "**No excuses**," provides that "[a]bsent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." Further, Cirrus has failed to show good cause to depart from the local rules.

Here, Cirrus alleges that good cause exists to stay discovery "because Cirrus's motion to dismiss—if granted—would end the litigation as to Cirrus and all other party defendants who were defendants in *Pace I* . . . ." (Dkt. No. 65 at 2.) Cirrus asserts that "[i]f Cirrus is correct and plaintiff Pace's claim against it (and other similarly-situated defendants as well) is time barred, there is scant reason to require Cirrus or other defendants to engage in time-consuming and expensive discovery . . . ." (*Id.*) However, while the Court recognizes the costs associated with litigation, the mere filing of a motion to dismiss does not justify a stay. *See Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*, No. 6:15-cv-00134-JRG-KNM, Dkt. No. 61 at 1 n.1 (E.D. Tex. Sep. 3, 2015) ("A stay is not justified merely because a party desires to save money."); *GHJ Holdings, Inc. v. Plasticade Prods. Corp.*, No. 5:10-cv-00220-DF, Dkt. No. 29 (E.D. Tex. May 31, 2011) (denying a motion to stay where the defendant argued it would be forced to "enter into the costly—and in the instant case, one sided—discovery ordeal"). To hold otherwise would invite motions whose primary purpose is to achieve the tactical advantages of a stay. It is obvious that the fact that Cirrus believes it will prevail on its motion to dismiss does not warrant a stay. *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) ("Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss.")

Accordingly, having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 14th day of February, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE