IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GLEN PACE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00539-JRG |
| | § | |
| CIRRUS DESIGN CORPORATION D/B/A CIRRUS AIRCRAFT CORPORATION; CONTINENTAL AEROSPACE TECHNOLOGIES, INC. D/B/A CONTINENTAL MOTOR CORPORATION; AMSAFE, INC.; and APTERYX, INC., D/B/A AND A/K/A ARAPAHOE AERO AIRCRAFT SALES, LLC, | § § § § § § § § § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is: Defendant Cirrus Design Corporation, d/b/a Cirrus Aircraft Corporation's ("Cirrus") Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 27); Defendant Continental Aerospace Technologies, Inc.'s ("Continental") Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Failure to State a Claim on which Relief Can be Granted (Dtk. No. 35); Defendant Apteryx' Inc.'s ("Apteryx") Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Failure to State a Claim for Which Relief Can be Granted (Dkt. No. 49); and Defendant AmSafe, Inc.'s ("AmSafe") Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (Dkt. No. 81) (collectively, the "Motions").

Having considered the Motions, the Court finds that they should be **GRANTED**.

I.  BACKGROUND

On July 16, 2024, Plaintiff Glen Pace ("Plaintiff") filed a personal injury complaint (the "Complaint") against Defendants Cirrus, Continental, Apteryx, and AmSafe (collectively, "Defendants"), arising under this Court's diversity jurisdiction. (Dkt. No. 1.) The personal injury claims derive from the crash of a Cirrus SR22T model aircraft in Smith County, Texas on November 22, 2019. (*Id*. at 5.) Plaintiff alleges he sustained serious personal injuries as a result of both the crash and the failures of the Cirrus parachute system and the AmSafe seatbelt, shoulder harness, inertial reel, airbags, seatbelt components, restraint system, and various of their component parts. (*Id*.)

The crash occurred on November 22, 2019 and the Complaint was filed on July 16, 2024. (Dkt. No. 82.) Plaintiff thus concedes that the Complaint was filed beyond the applicable two-year statute of limitations period set forth in Tex. Civ. Prac. & Rem. Code § 16.003. Plaintiff instead asserts two defenses as to why the case should not be dismissed for failure to comply with the statute of limitations: (1) that Tex. Civ. Prac. & Rem. Code § 16.064 (the Texas Savings Statute), applies to this case such that Plaintiff filed within the savings period the statute provides, and (2) that equitable tolling applies in this case to suspend the applicable statute of limitations. (*Id*. at 3.) The Court finds that neither of these defenses prevent Plaintiff's Complaint from being time barred. Consequently, the Court need not address the arguments raised by Continental and Apteryx regarding lack of personal jurisdiction.

II.  LEGAL STANDARD

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

However, "a statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). In such a case, the plaintiff bears the burden to establish why the statutory limitations period should be tolled. *Weaver v. Witt*, 561 S.W.2d 792, 794, n.2 (Tex. 1977) ("In a conventional trial on the merits, proof of facts suspending operation of a statute of limitations is the burden of the party pleading suspension.") As discussed above, Plaintiff raises two defenses to his failure to comply with the relevant statute of limitations: the Texas Savings Statute and the doctrine of equitable tolling.

The Texas Savings Statute applies to cases which have previously been filed in a court lacking jurisdiction over that case. The statute provides:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> > (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
> >
> > (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
>
> (b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

Texas Civ. Prac. & Rem. Code § 16.064.

The doctrine of equitable tolling entitles a litigant to the tolling of a statute of limitations only where the litigant establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In the federal context, equitable tolling is a "rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Similarly, "Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use

3

the doctrine 'to avoid the consequences of their own negligence.'" *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (quoting *Hand v. Stevens Transport, Inc.*, 83 S.W.3d 286, 293 (Tex. App. 2002)). However, litigants need not prove "maximum feasible diligence" to avail themselves of the remedy. *Holland v. Florida*, 560 U.S. 631, 653. Litigants must instead demonstrate only they have exercised "reasonable diligence." *Id*. at 653.

### III. ANALYSIS

#### A. Texas Savings Statute

This case represents Plaintiff's third attempt to bring a lawsuit on these facts. Plaintiff first filed suit in the Circuit Court of Marion County, Mississippi, on November 19, 2021. (Dkt. No. 27-1). This initial suit will hereinafter be referred to as "Pace I." Defendants removed Pace I to the United States District Court for the Southern District of Mississippi, where it was assigned to District Judge Keith Starrett. (Dkt. No. 27-3.) Judge Starett dismissed the case for lack of personal jurisdiction on October 24, 2022. *Pace v. Cirrus Design Corp.*, 636 F.Supp.3d 714 (S.D.Miss. 2022). Plaintiff appealed that dismissal on November 9, 2022. The trial court was affirmed by the Fifth Circuit on February 23, 2024. *Pace v. Cirrus Design Corp.*, 93 F.4th 879 (5th Cir. 2024). The Fifth Circuit issued its mandate on March 18, 2024. (Dkt. No. 27-5.)

While the appeal of Pace I was pending, Plaintiff filed his second suit in the Circuit Court of Madison County, Mississippi on November 21, 2022. (Dkt. No. 27-2.) This action is herein referred to as "Pace II." Pace II involved the same claims and parties, except that five new corporate defendants were added. (*Id*. at 1.) Defendants removed Pace II to the United States District Court for the Southern District of Mississippi, where it was assigned to District Judge Kristi H. Johnson. (Dkt. No. 27-4). Judge Johnson dismissed Pace II for lack of personal jurisdiction on August 10, 2023. *Pace v. Cirrus Design Corp.*, No. 3:22-cv-685-KHJ-MTP, 2023

4

WL 5624074 (S.D.Miss. Aug. 10, 2023). Plaintiff appealed that dismissal on August 31, 2023, and Fifth Circuit on June 3, 2024. *Pace v. Cirrus Design Corp.*, 2024 WL 2817567 (5th Cir. June 3, 2024). In that opinion, the Fifth Circuit determined that Plaintiff merely "reiterate[d] the theory he advanced in *Pace I*—one that has been expressly rejected by a published decision of this court." (*Id*. at *4.) The Fifth Circuit issued its mandate on June 25, 2024. (Dkt. No. 27-6.) Additionally, on March 13, 2025, Judge Johnson issued an order sanctioning Plaintiff's attorney regarding the filing of Pace II, determining that "[Plaintiff's attorney] maintained two simultaneous suits against the four original defendants over the same claim. The law is settled enough to deem [these] actions improper." (Dkt. No. 126-1 at 19.)

Plaintiff argues the Texas Savings Statute makes this case timely due to his re-filing with this Court on July 16, 2024, within 60 days of the Fifth Circuit's mandate in Pace II which issued on June 25, 2024. (Dkt. No. 82 at 4-5.) Plaintiff asserts that the "plain application" of the Texas Savings Statute in this case is to apply it to the later dismissal. (*Id*. at 5.) Defendants argue[1] that the Texas Savings Statute deadline should instead apply to the dismissal of Pace I on March 18, 2024, such that this action is untimely and cannot be saved by the statute. (Dkt. No. 27 at 13.) Defendants also argue that "[Plaintiff's] forum shopping strategy should not be rewarded by invoking the [Texas] Savings Statute to save his time-barred action." (*Id*.)

Defendants point to *Henneberger v. Ticom Geomatics, Inc.*, a case which presents a very similar factual situation wherein the plaintiff had already filed two prior lawsuits in Illinois before filing in Texas. No. 1:18-cv-134-RP, 2018 WL 6589472 (W.D. Tex. Dec. 12, 2018). In *Henneberger*, the plaintiff filed a first suit in Illinois state court which the defendants removed to

---

[1] Due to the similarities between Defendants' arguments, and the fact the disposition for all of the Motions are the same, the Court hereinafter cites only to the briefing relating to the first-filed motion to dismiss, Defendant Cirrus Design Corporation, d/b/a Cirrus Aircraft Corporation's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 27).

5

the federal court. *Id*. at *2. The district court dismissed the first suit for lack of personal jurisdiction and the Seventh Circuit affirmed. *Id*. The plaintiff then filed a second suit in Illinois state court, maintaining the same allegations as the prior suit but adding one additional defendant. *Id*. The defendants again removed the case to federal court, where the district court again dismissed the case for lack of personal jurisdiction and the Seventh Circuit again affirmed. *Id*. The plaintiff then filed his claim in Texas state court and the case was removed to the Western District of Texas. *Id*. This third case, filed in Texas, was outside of the statute of limitations and the plaintiff argued the Texas Savings Statute should apply to the later dismissal as affirmed by the Seventh Circuit. *Id*. at *4.

The *Henneberger* court declined to accept the plaintiff's position, determining that "the language of the Texas Savings Statute does not include successive filings in the same court." *Id*. The court further found that the second case was filed with intentional disregard of proper jurisdiction, such that the Texas Savings Statute did not apply, because the plaintiff "re-filed his suit in the same court alleging nearly identical claims and nearly identical defendants in spite of the fact that his case had already been dismissed for lack of personal jurisdiction over the Defendants at issue in the motion and affirmed by the Seventh Circuit." *Id*.

The present facts are very similar to the facts presented in *Henneberger*. Applying existing precedent to these facts, this Court finds that the Texas Savings Statute does not apply to the latest date of dismissal by the Fifth Circuit. Since the Fifth Circuit, in affirming the district court's decision has determined that Pace II was comprised of nearly identical claims and parties in a jurisdiction that had already dismissed the case for lack of personal jurisdiction (*Pace*, 2024 WL 2817567 at *4), the Texas Savings Statute applies only to the first of these dismissals, which was affirmed on March 18, 2024. It does not apply to the later dismissal. As such, Plaintiff's re-filing

6

of this case on July 16, 2024 in this Court falls outside of the 60-day window which the Texas Savings Statute provides.

### B. Equitable Tolling

As discussed above, this case comprises Plaintiff's third attempt to bring these claims against Defendants, after twice trying and failing to bring and prosecute an action against them in Mississippi. Although Plaintiff raises reasons why this case presents "extraordinary circumstances," Plaintiff does not explain why such circumstances prevented him from filing suit in the appropriate forum after the first dismissal in Mississippi.

Plaintiff asserts that he and his aviation experts were denied access to inspect critical evidence regarding the crash (including the airplane wreckage, aircraft logs, engine logs, and maintenance documents) prior to the filing of Pace I. (Dkt. No. 82 at 13.) He argues that "if the aircraft wreckage and the other relevant documents had been provided timely and completely after the wreck, Plaintiff would have been able to file his initial complaint in full and against all defendants in one suit." (Dkt. No. 82 at 13-14.) This does not address why Plaintiff filed Pace II in Mississippi state court less than a month after his previous state court action, removed to Federal Court, was dismissed for lack of personal jurisdiction over Defendants.

The failure by Plaintiff to re-file the case in a court of proper jurisdiction after the first dismissal acts against a finding that Plaintiff diligently pursued his rights. The re-filing of Pace II in Mississippi state court a second time prompts a concern as to whether or not such was a strategic attempt by Plaintiff to avail himself to his preferred forum while knowing the risks of maintaining personal jurisdiction. Such conduct raises concerns similar to those addressed in *Mathers Family Trust ex rel. Mathers v. Cagle*. 2013 WL 3455489 (N.D. Tex. July 8, 2013).

In *Mathers*, the plaintiffs brought suit in Colorado despite a forum selection clause designating Texas as the only forum for any lawsuit resulting from their agreement. *Id*. at *1. The Colorado trial court granted the defendants' motion to dismiss, which the plaintiffs appealed. *Id*. The Colorado Court of Appeals reversed the trial court, but the Colorado Supreme Court then reversed again and upheld the trial court's dismissal based on the forum selection clause. *Id*. The statute of limitations on the plaintiffs' claim ran while the Colorado appeals were ongoing, so the plaintiffs argued in *Mathers* that the Texas court should apply the doctrine of equitable tolling. *Id*. at *3. The court declined to do so, stating that "the Court could not find any cases applying Texas law where a plaintiff's strategic choice of venue made in an attempt to gain a tactical advantage served as the basis for equitable tolling… Had Plaintiffs filed suit in Texas after the initial dismissal by the Colorado trial court, their claims would not have been barred by the statutes of limitation. Their failure to take prophylactic steps to protect themselves ran the risk, later realized, that they were thereby dooming their claims." *Id*. at *4.

Plaintiff's choice to re-file his case in Mississippi despite the initial dismissal appears closely akin to the conduct of the plaintiffs in *Mathers*. The Plaintiff here should not have access to the courts of this forum under the doctrine of equitable tolling, where he made a strategic and knowing decision to try the Mississippi courts again rather than filing Pace II in a forum with personal jurisdiction over Defendants. If this Court had been Plaintiff's second choice rather than his third, a different outcome might have resulted.

### IV.   CONCLUSION

For the reasons stated above, the Motions (Dkt. Nos. 27, 35, 49, 81) are **GRANTED**. Accordingly, Plaintiff's claims are barred by the statute of limitations and are hereby **DISMISSED WITH PREJUDICE**. Additionally, all other pending motions in this case are **DENIED AS**

**MOOT**. (Dkt. Nos. 48, 63). The Clerk of the Court is directed to **CLOSE** the above-captioned case as no parties or claims remain.

**So ORDERED and SIGNED this 3rd day of September, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE