**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GLEN PACE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00539-JRG |
| | § | |
| CIRRUS DESIGN CORPORATION | § | |
| D/B/A CIRRUS AIRCRAFT | § | |
| CORPORATION; CONTINENTAL | § | |
| AEROSPACE TECHNOLOGIES, INC. | § | |
| D/B/A CONTINENTAL MOTOR | § | |
| CORPORATION; AMSAFE, INC.; and | § | |
| APTERYX, INC., D/B/A AND A/K/A | § | |
| ARAPAHOE AERO AIRCRAFT SALES, | § | |
| LLC, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court are: Defendant Cirrus Design Corporation, d/b/a Cirrus Aircraft Corporation's ("Cirrus") Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 27); Defendant Continental Aerospace Technologies, Inc.'s ("Continental") Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Failure to State a Claim on which Relief Can be Granted (Dtk. No. 35); Defendant Apteryx' Inc.'s ("Apteryx") Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Failure to State a Claim for Which Relief Can be Granted (Dkt. No. 49); and Defendant AmSafe, Inc.'s ("AmSafe") Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (Dkt. No. 81) (collectively, the "Motions").

Having considered the Motions, the Court finds that they should be **GRANTED**.[1]

## I.      BACKGROUND AND FINDING OF FACTS

On July 16, 2024, Plaintiff Glen Pace ("Plaintiff") filed a personal injury complaint (the "Complaint") against Defendants Cirrus, Continental, Apteryx, and AmSafe (collectively, "Defendants"), arising under this Court's diversity jurisdiction. (Dkt. No. 1.) The personal injury claims derive from the crash of a Cirrus SR22T model aircraft in Smith County, Texas on November 22, 2019. (*Id*. at 5.) Plaintiff alleges he sustained serious personal injuries as a result of both the crash and the failures of the Cirrus parachute system and the AmSafe seatbelt, shoulder harness, inertial reel, airbags, seatbelt components, restraint system, and various of their component parts. (*Id*.)

The crash occurred on November 22, 2019 and the Complaint was filed on July 16, 2024. (Dkt. No. 82.) Plaintiff thus concedes that the Complaint was filed beyond the applicable two-year statute of limitations period set forth in Tex. Civ. Prac. & Rem. Code § 16.003. Plaintiff instead asserts that Tex. Civ. Prac. & Rem. Code § 16.064 (the Texas Savings Statute), applies to this case such that Plaintiff filed within the savings period the statute provides. This case represents Plaintiff's third attempt to bring a lawsuit on these facts.

Plaintiff first filed suit in the Circuit Court of Marion County, Mississippi, on November 19, 2021. (Dkt. No. 27-1; herein after referred to as "Pace I.") Defendants removed Pace I to the United States District Court for the Southern District of Mississippi, where it was assigned to District Judge Keith Starrett. (Dkt. No. 27-3.) Judge Starett dismissed the case for lack of personal jurisdiction on October 24, 2022. *Pace v. Cirrus Design Corp.*, 636 F.Supp.3d 714 (S.D.Miss. 2022). Plaintiff appealed that dismissal on November 9, 2022. The trial court was affirmed by the

---

[1] The Court takes up these Motions again in light of the Fifth Circuit vacating the prior dismissal and remanding the cause for further proceedings. (*See* Civil Action No. 25-40635 Dkt. No. 64.)

Fifth Circuit on February 23, 2024. *Pace v. Cirrus Design Corp.*, 93 F.4th 879 (5th Cir. 2024). The Fifth Circuit issued its mandate on March 18, 2024. (Dkt. No. 27-5.)

While the appeal of Pace I was pending, Plaintiff filed his second suit in the Circuit Court of Madison County, Mississippi on November 21, 2022. (Dkt. No. 27-2; herein after referred to as "Pace II.") Pace II involved the same claims and parties, except that five new corporate defendants were added. (*Id*. at 1.) Defendants removed Pace II to the United States District Court for the Southern District of Mississippi, where it was assigned to District Judge Kristi H. Johnson. (Dkt. No. 27-4). Judge Johnson dismissed Pace II for lack of personal jurisdiction on August 10, 2023. *Pace v. Cirrus Design Corp.*, No. 3:22-cv-685-KHJ-MTP, 2023 WL 5624074 (S.D.Miss. Aug. 10, 2023). Plaintiff appealed that dismissal on August 31, 2023, and the Fifth Circuit issued its opinion on June 3, 2024. *Pace v. Cirrus Design Corp.*, 2024 WL 2817567 (5th Cir. June 3, 2024). In that opinion, the Fifth Circuit determined that Plaintiff merely "reiterate[d] the theory he advanced in *Pace I*—one that has been expressly rejected by a published decision of this court." (*Id*. at *4.) The Fifth Circuit issued its mandate on June 25, 2024. (Dkt. No. 27-6.)

Additionally, on March 13, 2025, Judge Johnson issued an order sanctioning Plaintiff's attorney regarding the filing of Pace II, determining that "[Plaintiff's attorney] maintained two simultaneous suits against the four original defendants over the same claim. The law is settled enough to deem [these] actions improper." (Dkt. No. 126-1 at 19.) In that opinion, Judge Johnson noted that jurisdictional rulings have an issue-preclusive effect, and that each of the assertions Plaintiffs' attorney made as to changes in circumstances between the first and second filing did not change the previous determination that there was not personal jurisdiction over the out-of-state defendants (as the Pace I court had already determined). (*See generally id*.)

3

## II.    LEGAL STANDARD

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). However, "a statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). In such a case, the plaintiff bears the burden to establish why the statutory limitations period should be tolled. *Weaver v. Witt*, 561 S.W.2d 792, 794, n.2 (Tex. 1977) ("In a conventional trial on the merits, proof of facts suspending operation of a statute of limitations is the burden of the party pleading suspension.") As discussed above, Plaintiff raises two defenses to his failure to comply with the relevant statute of limitations: the Texas Savings Statute and the doctrine of equitable tolling.

The Texas Savings Statute applies to cases which have previously been filed in a court lacking jurisdiction over that case. The statute provides:

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

Texas Civ. Prac. & Rem. Code § 16.064.

## III.    ANALYSIS

The Court finds that Plaintiff's refiling of Pace II in a second Mississippi court was done with an intentional disregard of proper jurisdiction, with the direct result that the Texas Savings Statute does not apply. The Court is persuaded that this case poses a similar situation to

4

*Henneberger v. Ticom Geomatics, Inc.*: Plaintiff "re-filed his suit [in Pace II] in the same [state] alleging nearly identical claims and nearly identical defendants in spite of the fact that his case had already been dismissed for lack of personal jurisdiction over the Defendants at issue." No. 1:18-cv-134-RP, 2018 WL 6589472, at *5 (W.D. Tex. Dec. 12, 2018). This Court reaches the same conclusion as the Court in Pace II, where the Court's sanctions order found that "[a] reasonable inquiry would have revealed that this second action was jurisdictionally precluded," and "[Plaintiff's attorney's] failure to inquire is inexcusable because the district court's opinion in [Pace I] even spelled out the jurisdictional defects in the case." (Dkt. No. 126-1 at 22-23.)

Accordingly, since this case was filed more than 60 days after March 18, 2024—when the Fifth Circuit issued its mandate affirming Pace I—it falls outside of the window that the Texas Savings Statute provides.[2] This filing, subsequent to the affirmance of Pace I, evidences Plaintiff's intentional disregard of proper jurisdiction, and that disregard precludes application of the Texas Savings Statute to avoid the applicable limitations bar. Hence, Plaintiff is barred under the two-year statute of limitations and this action should be dismissed with prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Motions (Dkt. Nos. 27, 35, 49, 81) are **GRANTED**. Accordingly, Plaintiff's claims are barred by the statute of limitations and are hereby **DISMISSED WITH PREJUDICE**. Additionally, all other pending motions in this case are **DENIED AS MOOT**. (Dkt. Nos. 48, 63). The Clerk of the Court is directed to **CLOSE** the above-captioned case.

---

[2] The Court does not revisit its prior determination on the issue of equitable tolling (*see* Dkt. No. 154) in light of the Fifth Circuit "declin[ing] to reach that issue." (Civil Action No. 25-40635 Dkt. No. 59-1 at 3 n.1.)

So ORDERED and SIGNED this 14th day of July, 2026.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE